IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHNNIE LEE BOAN, 43735, ) | |
|         Plaintiff, ) | |
| v. ) | No. 3:11-CV-3437-L |
| ) | |
| ROCKWALL COUNTY SHERIFF'S OFFICE, ) | |
| ET AL, ) | |
|         Defendants. ) | |

### FINDINGS CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

## I. BACKGROUND

Plaintiff is incarcerated in the Rockwall County Jail. He filed this complaint pursuant to 42 U.S.C. § 1983. Defendants are the Rockwall County Sheriff's Office, Jailer Compton and Corporal Grey. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. The Court has not issued process pending judicial screening.

Plaintiff argues Jailer Compton opened and read several pieces of his legal mail. Plaintiff states he believes Corporal Grey directed Compton to open the mail. Plaintiff also claims Corporal Grey was dishonest during the grievance proceedings when he stated he did not know who opened Plaintiff's legal mail.

## II. SCREENING

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may

be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*"* *Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

### III.    DISCUSSION

Plaintiff claims at least three pieces of legal mail were opened. He states one letter was addressed to Dallas County Commissioner Price, one letter was addressed to the Department of Transportation, and the third letter was addressed to an attorney. He states he wrote to this attorney to determine if she would represent him in his criminal case, but the letter was returned to the jail, apparently as undeliverable.

To state a cognizable claim under § 1983 for denial of access to the courts, a petitioner must show that his position as a litigant was prejudiced. *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993). The mere violation of jail regulations requiring that prison officials not open legal mail does not implicate a prisoner's constitutional rights. *Brewer v. Wilkinson*, 3 F.3d 816, 820, 825 (5th Cir. 1993).

In this case, although Plaintiff believes jail officials may forward information from the letters regarding details of his alleged criminal activity to the prosecuting attorney, he has not

shown or alleged that any information has been used against him or prejudiced his position. He has failed to establish an access to courts claim.

Additionally, to the extent Plaintiff complains of the prison's grievance procedures, inmates do not have a constitutionally protected right to prison grievance procedures. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Finally, the opening of legal mail outside of the prisoner's presence does not violate a prisoner's constitutional right to privacy. *Clemons v. Monroe*, 423 Fed. Appx. 362, 364 (5th Cir. 2011) (citing *Busby v. Dretke*, 359 F.3d 708, 720-21 (5th Cir. 2004)). Plaintiff's claims should be dismissed.

## **RECOMMENDATION**

The Court recommends that the complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Signed this 10th day of May, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).